# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PWM Property Management LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 21-11445 (MFW) |
| In re:<br><br>245 Park Avenue Property LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 21-11437 (MFW) |
| In re:<br><br>HNA 245 Park Ave JV LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 21-11438 (MWF) |
| In re:<br><br>245 Park JV LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 21-11439 (MFW) |
| In re:<br><br>245 Park Avenue Mezz C LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 21-11440 (MFW) |
| In re:<br><br>245 Park Avenue Mezz B LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 21-11441 (MFW) |

28762615

AMERICAS 109101434

| | |
|---|---|
| In re:<br><br>245 Park Avenue Mezz A LLC,<br><br>        Debtor. | )<br>)<br>) Chapter 11<br>)<br>) Case No. 21-11442 (MFW)<br>)<br>)<br>) |
| In re:<br><br>181 West Madison Holding LLC,<br><br>        Debtor. | )<br>)<br>) Chapter 11<br>)<br>) Case No. 21-11443 (MFW)<br>)<br>)<br>) |
| In re:<br><br>181 West Madison Property LLC,<br><br>        Debtor. | )<br>)<br>) Chapter 11<br>)<br>) Case No. 21-11444 (MFW)<br>)<br>)<br>) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION; AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**")[1] state as follows in support of this motion (this "**Motion**"):[2]

**JURISDICTION, VENUE, AND PREDICATES FOR RELIEF**

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States Bankruptcy Court for the District of Delaware, dated

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the First Day Declaration.

[2] In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Mohsin Y. Meghji, Chief Restructuring Officer, In Support of First Day Pleadings* (the "**First Day Declaration**"), filed concurrently herewith.

28762615

AMERICAS 109101434

February 29, 2012 (Sleet, C.J.). This is a core proceeding under 28 U.S.C. § 157(b). Venue of these chapter 11 cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested by this Motion is rule 1015 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and rule 1015-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Bankruptcy Rules**").

3. Pursuant to Local Bankruptcy Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## RELIEF REQUESTED

4. The Debtors seek entry of the order, substantially in the form attached hereto as **Exhibit A** (the "**Order**") directing the joint administration of these chapter 11 cases for procedural purposes only. Specifically, the Debtors request that the Court maintain one file and one docket for all of the Debtors' chapter 11 cases under the case of PWM Property Management LLC and that these chapter 11 cases be administered under a consolidated caption, as follows:

| | |
|---|---|
| In re: | Chapter 11 |
| PWM Property Management LLC, *et al.*,[1] | Case No. 21-11445 (MFW) |
| Debtors. | Jointly Administered |

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number (if available) are: PWM Property Management LLC; 245 Park Avenue Property LLC (9531); HNA 245 Park Ave JV LLC (5043); 245 Park JV LLC (2417); 245 Park Avenue Mezz C LLC (5276); 245 Park Avenue Mezz B LLC (4961); 245 Park Avenue Mezz A LLC (4673); 181 West Madison Holding LLC (2346); and 181 West Madison Property LLC (3759). The debtors' service address for purposes of these cases is 245 Park Avenue, Floor 40, New York, New York 10167.

5. The Debtors also request the Clerk of this Court to make separate docket entries in each of the above-captioned cases substantially as follows:

3

The Bankruptcy Court has entered an order in accordance with Federal Rule of Bankruptcy Procedure 1015(b) that provides for the joint administration of the chapter 11 cases of PWM Property Management LLC, a Delaware limited liability company, and its affiliated debtors. The docket in Case No. 21-11445 should be consulted for all matters affecting these cases.

## BACKGROUND

6. On October 31, 2021 (the "**Petition Date**"), each of the Debtors filed a petition under chapter 11 of the Bankruptcy Code with the Court. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this Motion, the Debtors have requested procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

7. The Debtors invest in and own two premium office buildings. More specifically, the Debtors own 245 Park Avenue in New York City ("**245 Park Avenue**"), which is among the most prominent commercial real estate assets in Manhattan's prestigious Park Avenue office corridor. Offering over 1,778,000 square feet of modern commercial real estate over 44-floors, 245 Park Avenue is situated on an entire square block and has direct access to Grand Central Terminal. During the fiscal year ending December 31, 2020, 245 Park Avenue generated approximately $178 million of revenue. The Debtors also own 181 West Madison Street in Chicago, Illinois ("**181 West Madison**," and, together with 245 Park Avenue, collectively, the "**Properties**"). Located in the Loop, Chicago's historic commercial and financial center, 181 West Madison includes a total net rentable area of approximately 945,958 square feet. During the fiscal year ending December 31, 2020, 181 West Madison generated over $43 million of revenue.

8. The Properties are managed by third-party managers (the "**Property Managers**"). The Properties' employees and most of the Properties' corporate functions are provided by the Property Managers. Consequently, the Debtors do not have any employees.

9. Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the commencement of these chapter 11 cases, is set forth in detail in the First Day Declaration.

## BASIS FOR RELIEF

10. Bankruptcy Rule 1015(b) provides that "if two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates" of such debtor and its affiliates. Fed. R. Bankr. P. 1015(b).

11. Additionally, Local Bankruptcy Rule 1015-1 provides in relevant part as follows:

> An order of joint administration may be entered . . . upon the filing of a motion for joint administration . . . supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

Local Bankruptcy Rule 1015-1.

12. The Debtors submit that joint administration of the chapter 11 cases is proper under Bankruptcy Rule 1015 and Local Bankruptcy Rule 1015-1. The Debtors are part of a common business enterprise and thus are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

13. Joint administration of the Debtors' chapter 11 cases is warranted because it will ease the administrative burden on the Court and all parties in interest. The Debtors anticipate that

28762615

AMERICAS 109101434

notices, applications, motions, other pleadings, hearings, and orders in these chapter 11 cases may affect all of the Debtors. If each Debtor's case were administered independently, there would be a number of duplicative pleadings and overlapping service. This unnecessary duplication of identical documents would be wasteful of the resources of the Debtors' estates, as well as the resources of this Court and of other parties in interest.

14. Joint administration will permit the Clerk of the Court to use a single general docket for all of the Debtors' chapter 11 cases and to combine notices to creditors and other parties in interest by ensuring that all parties in interest will be able to review one docket to stay apprised of the various matters before the Court regarding all of the Debtors' chapter 11 cases. Moreover, supervision of the administrative aspects of the Debtors' chapter 11 cases by the U.S. Trustee will be simplified. Therefore, joint administration will promote the economical and efficient administration of the Debtors' estates to the benefit of the Debtors, their creditors, the U.S. Trustee, and the Court.

15. Joint administration will not give rise to any conflict of interest among the Debtors' estates. The rights of the Debtors' respective creditors will not be adversely affected by the proposed joint administration because the Debtors will continue as separate and distinct legal entities, will continue to maintain separate books and records, and will provide information as required in the consolidated monthly operating reports on a debtor-by-debtor basis. If applicable, each creditor may file a proof of claim against each applicable estate in which it allegedly has a claim or interest and will retain whatever claims or interests it has against the particular estate. The recoveries of all creditors will be enhanced by the reduction in costs resulting from joint administration of the Debtors' chapter 11 cases. The Court will also be relieved of the burden of scheduling duplicative hearings, entering duplicative orders, and maintaining redundant files.

16. No administrative or scheduling orders previously entered in these chapter 11 cases will require modification if this Motion is granted. Mailing lists in each of these chapter 11 cases will be consolidated for future noticing requirements.

## NOTICE

17. Notice of this Motion has been provided to the following parties, or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) Park Avenue Mortgage Servicers; (iii) Mezzanine Servicers; (iv) West Madison Mortgage Servicers; (v) the Mezzanine Lenders; (vi) the SLG Member; (vii) the Property Managers; (viii) the Banks; (ix) holders of the twenty (20) largest unsecured claims against the Debtors (on a consolidated basis); (x) the Internal Revenue Service; (xi) the United States Attorney for the District of Delaware; (xii) the state attorneys general for all states in which the Debtors conduct business; (xiii) the Securities and Exchange Commission; (xiv) any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(m); and (xv) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## NO PRIOR REQUEST

18. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court grant the relief requested in this Motion, the Order, and such other and further relief as is just and proper.

28762615

AMERICAS 109101434

Dated: October 31, 2021

Respectfully submitted,

/s/ *Allison S. Mielke*
Edmon L. Morton (No. 3856)
Kenneth J. Enos (No. 4544)
Allison S. Mielke (No. 5934)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
emorton@ycst.com
kenos@ycst.com
amielke@ycst.com

Thomas E Lauria (*pro hac vice* pending)
Fan B. He (*pro hac vice* pending)
WHITE & CASE LLP
200 South Biscayne Boulevard
Suite 4900
Miami, Florida 33131
(305) 371-2700
tlauria@whitecase.com
fhe@whitecase.com

Bojan Guzina (*pro hac vice* pending)
Jason N. Zakia (*pro hac vice* pending)
Gregory F. Pesce (*pro hac vice* pending)
WHITE & CASE LLP
111 South Wacker Drive
Suite 5100
Chicago, Illinois 60606
(312) 881-5400
bojan.guzina@whitecase.com
jzakia@whitecase.com
gregory.pesce@whitecase.com

*Proposed Counsel to Debtors and Debtors-in-Possession*

28762615

AMERICAS 109101434

# **EXHIBIT A**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| PWM Property Management LLC, | ) ) | Case No. 21-11445 (MFW) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 11 |
| 245 Park Avenue Property LLC, | ) ) | Case No. 21-11437 (MFW) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 11 |
| HNA 245 Park Ave JV LLC, | ) ) | Case No. 21-11438 (MFW) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 11 |
| 245 Park JV LLC, | ) ) | Case No. 21-11439 (MFW) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 11 |
| 245 Park Avenue Mezz C LLC, | ) ) | Case No. 21-11440 (MFW) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 11 |
| 245 Park Avenue Mezz B LLC, | ) ) | Case No. 21-11441 (MFW) |
| Debtor. | ) | |

28762615

AMERICAS 109101434

| | |
|---|---|
| In re:<br><br>245 Park Avenue Mezz A LLC,<br><br>    Debtor. | Chapter 11<br><br>Case No. 21-11442 (MFW) |
| In re:<br><br>181 West Madison Holding LLC,<br><br>    Debtor. | Chapter 11<br><br>Case No. 21-11443 (MFW) |
| In re:<br><br>181 West Madison Property LLC,<br><br>    Debtor. | Chapter 11<br><br>Case No. 21-11444 (MFW) |

**ORDER AUTHORIZING MOTION OF DEBTORS FOR ENTRY OF ORDER (I) DIRECTING JOINT ADMINISTRATION OF CASES; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[1] of the Debtors for entry of an order (this "**Order**"), pursuant to section 1015(b) of the title 11 of the United States Code (the "**Bankruptcy Code**"), rule 1015-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Bankruptcy Rules**"), authorizing consolidation of these chapter 11 cases for procedural purposes only, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

28762615

2

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Bankruptcy Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon consideration of the First Day Declaration and the record of the Hearing and all of the proceedings had before the Court, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein. Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2. The above-captioned cases shall be consolidated for procedural purposes only and shall be jointly administered under the case number assigned to PWM Property Management LLC, Case No. 21-11445, as follows:

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PWM Property Management LLC, *et al.*,[1] | ) Case No. 21-11445 (MFW) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number (if available) are: PWM Property Management LLC; 245 Park Avenue Property LLC (9531); HNA 245 Park Ave JV LLC (5043); 245 Park JV LLC (2417); 245 Park Avenue Mezz C LLC (5276); 245 Park Avenue Mezz B LLC (4961); 245 Park Avenue Mezz A LLC (4673); 181 West Madison Holding LLC (2346); and 181 West Madison Property LLC (3759). The debtors' service address for purposes of these cases is 245 Park Avenue, Floor 40, New York, New York 10167.

3. The foregoing caption and footnote satisfy the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

4. The Clerk of this Court shall make separate docket entries in both of the above-captioned cases substantially as follows:

> The Bankruptcy Court has entered an order in accordance with Federal Rule of Bankruptcy Procedure 1015(b) and Local Bankruptcy Rule 1015-1 providing for the joint administration of the chapter 11 cases of PWM Property Management LLC, a Delaware corporation, and its affiliated debtors. The docket in Case No. 21-11445 should be consulted for all matters affecting these cases.

5. The Debtors shall maintain, and the Clerk of this Court shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

6. The procedural consolidation shall be for administrative purposes only and nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of the chapter 11 cases.

7. The Debtors are authorized to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

8. The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied.

9. This Order is immediately effective and enforceable notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the enforcement of this Order.