IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| PWM Property Management LLC, *et al.*,[1] | ) Case No. 21-11445 (MFW) |
| Debtors. | ) (Joint Administration Requested) |
|  | ) Re: Docket Nos. 12, 113, 208, 215 & 225 |

ORDER AUTHORIZING THE
DEBTORS TO REJECT THE PROPERTY MANAGEMENT
AND LEASING AGREEMENT BETWEEN DEBTORS AND S.L. GREEN
MANAGEMENT CORP. EFFECTIVE AS OF THE DEBTORS' PETITION DATE

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**"), pursuant to sections 105(a) and 365 of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the Debtors to Reject the Property Management and Leasing Agreement Between Debtors and S.L. Green Management Corp., Effective as of the Debtors' Petition Date, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number are: PWM Property Management LLC (2514); 245 Park Avenue Property LLC (9531); HNA 245 Park Ave JV LLC (5043); 245 Park JV LLC (2417); 245 Park Avenue Mezz C LLC (5276); 245 Park Avenue Mezz B LLC (4961); 245 Park Avenue Mezz A LLC (4673); 181 West Madison Holding LLC (2346); and 181 West Madison Property LLC (3759). The debtors' service address for purposes of these cases is 245 Park Avenue, Floor 40, New York, New York 10167.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Bankruptcy Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon consideration of the First Day Declaration, the *Declaration of Mohsin Y. Meghji, Chief Restructuring Officer, In Support of the Rejection Motion*, and the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties-in-interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the Debtors are authorized to reject the PMA, effective as of 11:59 p.m. (prevailing Eastern Time) on the date which is five business days following notice (email shall suffice) from the Debtors to SLG Manager that rejection will become effective (the "**Rejection Effective Date**").

3. Within two business days after entry of this Order, the Debtors will serve this Order on SLG Manager.

4. From the Petition Date through the Rejection Effective Date, the Debtors are authorized to, and, as agreed with SLG Manager, will pay all fees and expenses due and owing to SLG Manager in accordance with the PMA in the ordinary course of business, without further notice to or approval by, the Court.

5. SLG Manager must file any claims for damages under section 502 of the Bankruptcy Code or other claims in connection with the Property Management Agreement or the rejection, breach or termination of the Property Management Agreement in accordance with any claims bar date set by the Court, and the failure to file a timely claim shall forever prohibit SLG Manager from receiving any distribution on account of such claims from the Debtors' estates or otherwise.

6. Notwithstanding the relief granted herein and any actions taken hereunder, nothing in the Motion or this Order shall: (a) constitute an admission as to the validity, amount or priority of any claim or lien by SLG Manager against the Debtors or a promise or requirement to pay any claim; (b) constitute a waiver of the Debtors' or any party's rights to dispute any claim by SLG Manager or assert any defenses or counterclaims to any such claim; (c) constitute a waiver or limitation of any claim, cause of action, right or defense of the Debtors against SLG Manager or (d) prejudice the Debtors' rights under the PMA or any creditor's rights under its applicable loan documents or otherwise.

7. The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied.

8. The notice requirement set forth in Bankruptcy Rule 6004(a) is satisfied.

9. This Order is immediately effective and enforceable notwithstanding the provisions of Bankruptcy Rule 6004(h) or otherwise.

10. The Debtors are authorized to enforce the terms of this Order.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

**Dated: December 21st, 2021**
**Wilmington, Delaware**

MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE